IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT NIEDERMANN | § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| JERRY DALE ARNOLD JORDAN AND THE RAILROAD YARD, INC. | § § § | JURY REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Robert Niedermann files this his Original Complaint against Defendants Jerry Dale Arnold Jordan and The Railroad Yard, Inc. and, in support of his causes of action, would respectfully show the following:

### I.
### PARTIES

1.1   Plaintiff Robert Niedermann is and was a resident and citizen of the State of Texas, specifically the Southern District of Texas, at all times relevant to this action.

1.2   Defendant The Railroad Yard, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma. Although a nonresident of Texas, The Railroad Yard, Inc. was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from The Railroad Yard, Inc.'s business in Texas, specifically the Southern District of Texas. Defendant The Railroad Yard, Inc. purposefully avails itself to the jurisdiction of Texas courts, and therefore can reasonably expect to be haled into Texas courts. The Railroad Yard may therefore be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant The Railroad Yard, Inc. through its registered agent for

service of process in Oklahoma, Mr. William H. Anderson III, 721 Eastern Hills Rd., Holdenville, Oklahoma 74848; or its president, William H. Anderson IV, 5915 S. Perkins Road, Stillwater, Oklahoma 74074.

1.3     Defendant Jerry Dale Arnold Jordan is domiciled in Oklahoma, and thus is a citizen of Oklahoma.  Although a nonresident of Texas, Defendant Jordan was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from Jordan's business in Texas.  Jordan purposefully avails himself to the jurisdiction of Texas courts, and therefore can reasonably expect to be haled into Texas courts.  Jordan may therefore be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant Jordan at his last known address, 125 S. 6th St., Fairfax, Oklahoma 74637, or wherever he may be found.

1.4     There are no known responsible third parties to this action as that term is defined by TEX. CIV. P. & REM. CODE § 33.011(6).

## II.
### JURISDICTION

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between a plaintiff who is a citizen of Texas, and defendants that are all citizens of, are incorporated in, and/or have their principal places of business in, a state other than Texas, specifically Oklahoma, and the matter in controversy exceeds $75,000, exclusive of costs and interest.

2.2     This Court has specific personal jurisdiction over each Defendant because each Defendant committed acts within Texas, and specifically within the Southern District of Texas, that give rise to this action.  Thus, exercising jurisdiction over each Defendant does not offend the traditional notions of fair play and substantial justice.

## III.
### VENUE

3.1    Venue is proper in the United States District Court for the Southern District of Texas, Corpus Christi Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred in the Southern District of Texas.

3.2    Venue is further proper, and most convenient, in the United States District Court for the Southern District of Texas, Corpus Christi Division because:

    a.    Plaintiff Robert Niedermann is disabled, and resides within the Corpus Christi Division;

    b.    Niedermann receives ongoing medical care as a result of the underlying incident in the Corpus Christi Division;

    c.    The Corpus Christi Division has absolute subpoena power for both depositions and trial over Niedermann's current and future medical providers; and

    d.    Known sources of indispensable evidence and other proof are located within the Corpus Christi Division.

## IV.
### BACKGROUND FACTS

4.1    On February 13, 2019, at or before 6:22 p.m., Robert Niedermann was traveling southbound on an unlit portion of US Highway 59.

4.2    Also at that time, Jerry Dale Arnold Jordan was operating a tractor/trailer combination in an eastbound direction on County Road 148, and was attempting to cross over the southbound lanes of travel on 59.

4.3    At said time, Jordan was: acting as an employee of and/or contractor for; working within the course and scope of his duties for; performing services in

furtherance of the business interests of; driving in furtherance of a mission for the benefit of; and/or subject to the control as to the details of his mission by Defendant The Railroad Yard, Inc.

4.4   Further, Jordan's tractor/trailer was owned by The Railroad Yard, Inc., and badged with The Railroad Yard, Inc.'s name, emblem, and DOT number.

4.5   While attempting cross over the southbound lanes of travel in order to execute a left-hand turn into the northbound lanes of travel, Defendant Jordan ignored a "Yield" sign and entered into the median between the southbound and northbound lanes, leaving his tractor/trailer combination blocking all southbound lanes of travel.

4.6   The trailer owned by The Railroad Yard, Inc., and pulled by Jordan at the time of the crash, was equipped with one or more marker lamps that were not working at the time of the crash.

4.7   As a result of Jordan's conduct, and/or the condition of his vehicle, Niedermann struck Jordan's tractor/trailer, and sustained serious and disabling personal injury.

4.8   As a further result of the crash, Jordan was cited by the Texas Department of Public Safety for Failure to Yield the Right-of-Way, Turning Left.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT JERRY DALE ARNOLD JORDAN

**A.  Negligence**

5.1     Defendant Jerry Dale Arnold Jordan committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of the subject crash, Robert Niedermann's injuries, and Niedermann's resulting damages.

5.2     Jordan's negligent acts include, but are not limited to:

    a.   Positioning his vehicle across lanes of traffic, and impeding traffic;

    b.   Failure to yield the right of way;

    c.   Failure to observe and/or obey a traffic control sign;

    d.   Failure to keep a proper lookout;

    e.   Failure to keep mental and physical alertness; and

    f.   Failure to maintain the mechanical integrity of the subject commercial motor vehicles.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT THE RAILROAD YARD, INC.

**A.  Negligence**

6.1     Defendant The Railroad Yard, Inc. committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of the subject crash, Robert Niedermann's injuries, and Niedermann's resulting damages.

6.2     The Railroad Yard's negligent acts include, but are not limited to:

    a.   Failure to exercise due care in hiring and/or contracting with, training, and/or retaining Defendant Jordan;

  b. Failure to exercise due care in monitoring and supervising Jordan, including Jordan's operation of The Railroad Yard's vehicles;

  c. Failure to adequately maintain the subject commercial motor vehicles.

**B.** **Vicarious Liability**

6.3 Additionally, Defendant The Railroad Yard, Inc. is liable under the doctrine of *respondeat superior* for Jordan's negligent actions, as they occurred while Jordan was in the course and scope of his duties for The Railroad Yard.

6.4 All of the acts of negligence alleged against Jordan are expressly incorporated by reference herein, and were proximate causes of the subject crash, Robert Niedermann's injuries, and his resulting damages.

## VII.
### DAMAGES

7.1 As a proximate result of Defendants' negligence, Robert Niedermann has suffered catastrophic personal injury, and thus damages in the past, and will continue to suffer damages in the future, specifically:

  a. Physical pain sustained in the past;

  b. Physical pain that, in reasonable probability, will be sustained in the future;

  c. Mental anguish sustained in the past;

  d. Mental anguish that, in reasonable probability, will be sustained in the future;

  e. Past lost earning capacity;

  f. Lost earning capacity that, in reasonable probability, will be sustained in the future;

  g. Past disfigurement;

  h. Disfigurement that, in reasonable probability, will be sustained in the future;

  i. Past physical impairment;

  j. Physical impairment that, in reasonable probability, will be sustained in the future;

  k Medical care expenses in the past;

  l. Medical care expenses that, in reasonable probability, will be sustained in the future;

  m. Other damages pecuniary in nature not specifically named herein sustained by Niedermann in the past; and

  n. Other damages pecuniary in nature not specifically named herein that, in reasonable probability, will be sustained in the future.

7.2 Plaintiff seeks pre-judgment and post-judgment interest at the applicable rate allowed by law.

## VIII.
### CONDITIONS PRECEDENT

8.1 All conditions precedent to Plaintiff's right to recover herein and to the defendants' liability have been performed or have occurred.

## IX.
### RESERVATION OF RIGHTS

9.1 Plaintiff reserves the right to amend his pleadings to add additional counts, parties, and/or elements of damage as discovery proceeds.

## X.
## JURY DEMAND

10.1    Plaintiff hereby timely files his request for a trial by jury pursuant to the Federal Rules of Civil Procedure.

## XI.
## PRAYER

11.1    Plaintiff Robert Niedermann prays Defendants Jerry Dale Arnold Jordan and The Railroad Yard, Inc. be cited to appear and answer for their tortious conduct, that this case be set for trial, and that Plaintiff recovers a judgment of and from the defendants for damages in such amount as the evidence may show and the jury may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, and all other and further relief to which Plaintiff may show himself to be entitled.

Respectfully submitted,

By:    */s/ Hunter Craft*
**J. Hunter Craft**
Attorney-in-Charge
State Bar No. 24012466
Federal Bar No. 24377
**Laura A. Cockrell**
State Bar No. 24082836
Federal Bar No.  1691710
2727 Allen Parkway, Suite 1150
Houston, Texas 77019
Telephone:    713.225.0500
Telefax:          713.225.0566
Email:             hcraft@craftlawfirm.com
Email:             lcockrell@craftlawfirm.com

**Steve Brannan**
State Bar No. 02891400
308 North Jackson
Odessa, Texas 79761
P.O. Box 3747
Odessa, Texas 79760
Telephone:     432.580.5850
Telefax:       432.580.8540
Email:         sbrannan@stevebrannan.com
Email:         efile@stevebrannan.com
               (Filings Only)

<u>**OF COUNSEL:**</u>
**CRAFT LAW FIRM, P.C.**
**STEVE BRANNAN, ATTORNEY, P.C.**

**ATTORNEYS FOR PLAINTIFF**